-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT FILED JAN 18 2011 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY

RALPH BUCK PHILLIPS,

Petitioner,

-v-

10-CV-0997A
**ORDER**

TERRY LAVALLEY, Superintendent,

Respondent.

---

Petitioner Ralph Buck Phillips, acting *pro se*, an inmate of the Clinton Correctional Facility, seeks relief pursuant to 28 U.S.C. § 2254, alleging that his conviction in County Court, Chautauqua County, State of New York, was unconstitutionally obtained, as set forth more precisely in the petition and supplemental petition.

This matter was initially filed in the United States District Court, Northern District of New York and transferred to this District because this District is the District in which the conviction was obtained. Petitioner filed both a petition and what was docketed in the Northern District as a "supplemental petition." The petition raised four grounds for relief: (1) Petitioner's conviction was obtained by use of a coerced confession; (2) Petitioner's conviction was obtained in violation of his right to effective assistance of counsel; (3) Petitioner's conviction was obtained based on a conflict of interest between petitioner and counsel based on counsel's "agenda" to secure a Supreme Court

Judicial position in Chemung County; and (4) Petitioner's conviction was obtained by a plea of guilty which was unlawfully induced by coercion and blatant "falsehoods." (Docket No. 1, Petition, ¶ 12A-D, Attachment "Ground One"-"Ground Four.") The supplemental petition raised six grounds for relief: (1) Petitioner's conviction was obtained by pleas of guilty which were unlawfully induced by specific misinformation, blatant falsehoods, and coercion by counsel; (2) Petitioner's conviction was obtained in direct violation of his right to effective assistance of counsel; (3) Petitioner's conviction was obtained in direct violation of his right to effective assistance of counsel based on a conflict of interest which directly impacted counsel's ability to provide meaningful representation; (4) Petitioner's conviction was based on unlawful pleas of guilty because trial court did not have a factual basis for pleas and had "constructive knowledge" of petitioner's defenses; (5) Petitioner's conviction based on unlawful pleas of guilty based on trial court's refusal to withdraw petitioner's pleas in light of petitioner's "protestations" of his innocence; and (6) Petitioner's conviction was obtained in violation of right to effective assistance of counsel when the trial court summarily denied petitioner's request for new counsel.

(Docket No. 2, Supplemental Petition, ¶ 12A-F, Attachment "Ground One"-"Ground Six.")[1]

Petitioner also seeks permission to proceed as a poor person pursuant to 28 U.S.C. § 1915(a)(1) and has applied to the Court for appointment of counsel.

Accordingly, IT HEREBY IS ORDERED as follows:

**1.** Petitioner's request to proceed as a poor person is granted.

**2.** Petitioner's request for appointment of counsel is denied without prejudice as premature. Petitioner has applied to the Court for appointment of counsel. Under 28 U.S.C. § 1915(e)(1), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). Moreover, pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, counsel may be appointed at any stage of the proceeding "if the interests of justice so require."

It is clear that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Murray v.

[1]Following the transfer of this matter, petitioner forwarded a letter to the Clerk of the Court noting that he intended that the petition and supplemental petition, which he filed at same time, be separate petitions because the petition was based on his direct appeal and the supplemental petition was based on his N.Y. Crim. Proc. L., § 440.10 motions, and that construing the second petition as a supplemental petition was in error. Both the petition and supplemental petition challenge the same conviction entered in Chautauqua County Court on December 19, 2006 and, therefore, the second petition was properly docketed as a supplemental petition.

Giarratano, 492 U.S. 1 (1989). Habeas petitioners who qualify under the Criminal Justice Act, however, are entitled to counsel if an evidentiary hearing is required, Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c), *see* Graham v. Portuondo, 506 F.3d 105 (2d Cir. 2007), as are indigent petitioners who seek to vacate or set aside a sentence of death. 21 U.S.C. § 848(q)(1)(4)(B); McFarland v. Scott, 512 U.S. 849 (1994).

Appointment of counsel is within the judge's discretion, *see* In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court has reviewed the facts presented herein in light of the factors required by law. Specifically, there is no showing at this time that an evidentiary hearing is required, nor is petitioner seeking to vacate or set aside a sentence of death.

In addition, petitioner has not provided the Court with any information which indicates that the interests of justice require the appointment of counsel at this time. It does not appear at this time that petitioner needs the assistance of counsel to present the claims raised herein at this time.

**3.** Respondent shall file and serve an **answer** to the petition and supplemental petition, in accordance with Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts by **March 9, 2011.** Further, the answer shall state whether a trial or any pre-trial or post-trial evidentiary proceeding was conducted. If any such proceeding was conducted, under the

authority of Rule 4, the Court hereby directs respondent to provide to the Court the transcript of the proceeding, together with any record(s) of, and documents relating to, such proceeding, and such documents will be filed in the official record of this case.

Respondent also shall file and serve by the above date a **memorandum of law** addressing each of the issues raised in the petition and supplemental petition and including citations of relevant supporting authority.

Within thirty (30) days of the date this order is served upon the custodian of the records, the Clerk of Court or any other official having custody of the records of the proceedings in County Court at issue now before this Court shall submit such records to respondent or the respondent's duly authorized representative.

If petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court a copy of the briefs and record on appeal and the opinions of the appellate courts, if any, and such documents will be filed in the official record of this case.

Petitioner shall have thirty (30) days upon receipt of the answer to file a written response to the answer and memorandum of law.

Within thirty (30) days of the date this order is filed with the Clerk of Court, respondent may file a motion for a more definite statement or a motion to dismiss the petition and

supplemental petition, accompanied by appropriate exhibits which demonstrate that an answer to the petition and supplemental petition is unnecessary. The timely filing of such motion shall extend the time for filing an answer for fourteen (14) days, but the failure of the Court to act upon the motion within that time shall not further extend the time for filing an answer.

**4.** The Clerk of Court shall serve a copy of the petition, supplemental petition, and all supporting papers, together with a copy of this order upon respondent Superintendent of Clinton Correctional Facility and upon Office of the Attorney General, Federal Habeas Unit, 120 Broadway, 12th Floor, New York, New York 10271-0332. To advise appropriate Chautauqua County officials of the pendency of this proceeding, the Clerk of Court shall also mail a copy of this order to the District Attorney of Chautauqua County.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR RESPONDENT.**

**SO ORDERED.**

S/ MICHAEL A. TELESCA
MICHAEL A. TELESCA
United States District Judge

Dated: January 13, 2011
Rochester, New York